**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | Case No. 03-20123-03-CM |
| ) | |
| **FRANCHESTER GRIFFIN,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter comes before the court on defendant's pro se Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 543.) Defendant seeks to reduce his sentence based on Amendment 750 to the United States Sentencing Guidelines, which went into effect November 1, 2011. For the following reasons, the court denies defendant's motion.

**I.    Factual and Procedural Background**

On June 28, 2004, defendant pleaded guilty to 21 U.S.C. § 846, conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing a cocaine base. (Doc. 204.) The court adopted the Presentence Investigation Report, which concluded defendant's total offense level was 34, and his criminal history category was VI. (Presentence Investigation Report ("PSIR") ¶ 135.) The court did not consider the drug quantity possessed by defendant when determining his offense level, but rather determined defendant's total offense level was 34 based on his

-1-

status as a "Career Offender" under U.S.S.G. § 4B1.1.[1] This resulted in a sentencing guideline range of 262 – 327 months. (PSIR ¶ 135.)

On June 29, 2005, the court sentenced defendant to a term of imprisonment of 140 months. (Doc. 408.) The court imposed a sentence that departed downward from the sentencing guideline range based on the government's U.S.S.G. § 5K1.1 motion reflecting defendant's substantial assistance to authorities. On November 4, 2011, defendant filed the current motion seeking a reduction in his sentence. (Doc. 543.) In his motion, defendant briefly mentions the retroactive sentencing guidelines and the amended 18:1 ratio for crack cocaine and powder cocaine offenses. (*Id*.)

**II.     Legal Standards and Analysis**

    **A. Sentencing Guideline Range**

Pursuant to 18 U.S.C. § 3582(c)(2), a district court may reduce a defendant's term of imprisonment when the court sentenced a defendant based on the applicable sentencing guidelines and those guidelines are subsequently lowered by the Sentencing Commission. Additionally, any reduction shall be "consistent with the applicable policy statements issued by the sentencing commission." 18 U.S.C. § 3582(c)(2). Defendant argues Amendment 750 retroactively applies to his sentence, and thus, the court should reduce his sentence pursuant to § 1B1.10 of the sentencing guidelines.

The Sentencing Commission passed Amendment 750, which went into effect on November 1, 2011. Pursuant to § 1B1.10 of the sentencing guidelines, part A of Amendment 750 adjusted the sentencing guidelines by amending the cocaine base amounts in the drug quantity table in § 2D1.1(c). Specifically, the table provides a base offense level depending on the drug quantity attributed to the defendant. U.S.S.G. § 2D1.1(c). The Sentencing Commission amended the guidelines pursuant to the

---

[1] (PSIR ¶ 63.) Because defendant was 18 years or older at the time of his drug offense, and his criminal history included two felony offenses involving crimes of violence, defendant was classified as a "Career Offender" and his base offense level was automatically raised to 37. (PSIR ¶ 65.) Although defendant received a three level reduction for acceptance of responsibility, his total offense level reflected his status as a "Career Offender." (PSIR ¶ 65.)

Fair Sentencing Act of 2010 ("FSA"), which similarly amended the threshold amount of cocaine base required to trigger a mandatory statutory minimum sentence under 21 U.S.C. § 841(b).

Unlike the FSA, the Sentencing Commission provided for Amendment 750 to apply retroactively. *Compare United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir. 2010) (stating the FSA is not retroactive), *with* U.S.S.G. § 1B1.10 (describing the circumstances in which a "court may reduce the defendant's term of imprisonment."). The sentencing guidelines, however, provide that a retroactive sentence reduction is not consistent with the policy statements if "(A) none of the amendments listed in subsection (c) [are] applicable to the defendant; or (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2). Therefore, the court must determine whether Amendment 750 is applicable to defendant or has the effect of lowering defendant's applicable guideline range.

This court may reduce defendant's term of imprisonment if it "sentenced [defendant] to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). Defendant argues the court should reduce his sentence based on Amendment 750, which amended the drug quantity table in § 2D1.1(c), and under some circumstances, lowers the sentencing range for possession of certain quantities of cocaine base. In this situation, however, the court did not sentence defendant based on a range that was subsequently lowered. Rather, the court sentenced defendant to a term of imprisonment based on the sentencing guidelines classifying him as a "Career Offender." U.S.S.G. § 4B1.1. Section 4B1.1 of the sentencing guidelines remains unchanged by the recent amendments, and as a result, the defendant's offense level is exactly the same as it was at sentencing.[2]

---

[2] Although the court sentenced defendant to a term of imprisonment lower than the applicable guideline range of 262 – 327 months, the court still adopted the PSIR which determined defendant's offense level based on his "Career Offender" status and the corresponding sentencing guidelines. Application note one provides that eligibility for a sentence reduction "is triggered only by an amendment . . . that lowers the applicable guideline range *(i.e., the guideline range that corresponds to*

Accordingly, Amendment 750 is not applicable to defendant and does not have the effect of lowering defendant's applicable guideline range. To find otherwise would be inconsistent with the policy statements in § 1B1.10 of the sentencing guidelines.

**IT IS THEREFORE ORDERED** that defendant's motion to modify his sentence pursuant to 18 U.S.C. § 3582 is denied.

Dated this 29th day of March, 2012 at Kansas City, Kansas.

    s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**

---

*the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision . . . ."* U.S.S.G. § 1B1.10 cmt. n.1 (2011) (emphasis in original).